IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSISSIPPI

QUEEN E. ADAMS                                                                       PLAINTIFF

VS.                                                        CIVIL ACTION NO. 22-cv-040-LS

DOLLAR TREE STORES, INC.; FAMILY
DOLLAR STORES OF MISSISSIPPI, LLC;
FAMILY DOLLAR STORES OF
BROOKHAVEN, MISSISSIPPI, INC.; JOHN DOE
ENTITIES 1-5; and JOHN DOE PERSONS 1-5                                DEFENDANTS

**COMPLAINT**
**(Jury Trial Requested)**

COMES NOW, Plaintiff Queen E. Adams, by and through counsel, and files her Complaint against Defendants Dollar Tree Stores, Inc. ("Dollar Tree"), Family Dollar Stores of Mississippi, LLC ("FDS Mississippi"), and Family Dollar Stores of Brookhaven, Mississippi, Inc. ("FDS Brookhaven"), and in support hereof would show unto the Court as follows:

**I. Parties**

1)   Plaintiff Queen E. Adams is an adult resident of Brookhaven, Lincoln County, Mississippi.

2)   Defendant Dollar Tree is a foreign corporation, organized under the laws of the State of Virginia, with its principal place of business located at 500 Volvo Parkway, Chesapeake, Virginia 23320, and may be served with process of this Court on its Registered Agent, Corporation Service Company, located at 7716 Old Canton Road, Suite C, Madison, Mississippi 39110.

3)   Defendant FDS Mississippi is a foreign corporation, organized under the laws of the State of Virginia, with its principal place of business located at 500 Volvo Parkway, Chesapeake, Virginia 23320, and may be served with process of this Court on its Registered

Agent, Corporation Service Company, located at 7716 Old Canton Road, Suite C, Madison, Mississippi 39110.

4) Defendant FDS Brookhaven is a corporation organized under the laws of the State of Mississippi, with its principal place of business located at P.O. Box 1017 Charlotte, North Carolina 28201-1017, and may be served with process of this Court on its Registered Agent, The Prentice-Hall Corporation System, Inc., located at 7716 Old Canton Road, Suite C, Madison, Mississippi 39110.

5) Upon information and belief, Defendants Dollar Tree, FDS Mississippi and/or FDS Brookhaven own and operate Family Dollar #10767, located at 600 E Monticello Street, Brookhaven, Mississippi 39601.

6) John Doe Entities 1-5 are any unknown companies who may have been responsible for or who may have contributed to the negligence alleged herein. They may be added as named defendants when their identities become known.

7) John Doe Persons 1-5 are any unknown persons who may have been responsible for or contributed to the negligence alleged herein. They may be added as named defendants when their identities become known.

## II. Jurisdiction and Venue

8) Jurisdiction and venue are proper in this Court, pursuant to Miss. Code Ann. §§ 9-7-81 and 11-11-3, as this matter concerns damages in excess of two hundred dollars ($200.00) and the events giving rise to the claims herein occurred in Brookhaven, Lincoln County, Mississippi.

### III. Facts

9) On or about March 11, 2019, Plaintiff was shopping at Family Dollar #10767 as a business invitee and while exercising reasonable care for her own safety, a shelf and/or box fell on Plaintiff causing her to sustain severe personal injuries. More specifically, Plaintiff was attempting to retrieve an item from the shelf in front of her, when a shelf and/or box behind her fell on her neck. At all relevant times, Plaintiff was acting with reasonable and prudent regard for her own safety.

10) At all times relevant herein, Family Dollar #10767 business and/or premises was open to Plaintiff and to those members of the public at large who might go there as business invitees.

11) Defendants, as owners and operators of the store, or through their agents or employees, failed to properly maintain the shelving to prevent it falling and/or failed to properly stack the boxes on the shelf to prevent them from falling.

12) Defendants failed to warn Plaintiff of the dangerous conditions caused by the improperly maintained shelving and/or improperly stacked boxes.

13) The shelf had been improperly maintained and/or the boxes improperly stacked for a sufficient time that Defendants knew or should have known that the shelf and/or boxes were likely to fall.

### IV. Negligence – Premises Liability

14) All allegations in the preceding paragraphs are incorporated hereto, as if fully set forth herein.

15) Premises liability attaches when: "(1) a negligent act by the defendant caused the plaintiff's injury; or, (2) that defendant had actual knowledge of a dangerous condition, but failed

to warn the plaintiff of the danger; or (3) the dangerous condition remained long enough to impute constructive knowledge to the defendant." *Byrne v. Wal-Mart Stores, Inc.*, 877 So.2d 462, 465 (Miss. Ct. App. 2003) (citing *Downs v. Choo*, 656 So. 2d 84, 86 (Miss. 1995)). When the dangerous condition is created by the defendants or someone under their authority, proof of defendants' knowledge of the dangerous condition is not required. *K-Mart Corp. v. Hardy*, 735 So. 2d 975, 981 (Miss. 1999).

16) Defendants' failure to safely maintain the shelving and/or properly stack the boxes to prevent them from falling was a negligent act which created the dangerous conditions which caused Plaintiff's injuries.

17) At all times material hereto, Defendants had a duty of care to keep the premises in a reasonably safe condition, such that business invitees might use them in an ordinary and reasonable way without danger, including, but not limited to:

   a. To use reasonable and ordinary care to keep and maintain the premises in a reasonably safe condition;

   b. To keep the premises free from defects and hazardous conditions that could reasonably and foreseeably cause harm and injury;

   c. To take reasonable and necessary steps to warn of the existence of dangerous and hazardous conditions on the premises;

   d. To take reasonably necessary steps to correct, eliminate, and prevent dangerous and hazardous conditions existing on its premises; and

   e. To use and exercise reasonable care to protect those who are business invitees on the premises and to correct and remedy discoverable conditions constituting hazards and danger on its premises.

18) Defendants failed to perform and violated or breached the duties they owed Plaintiff, and such failures, violations, and breaches constituted negligence and/or gross negligence on the part of Defendants, including, but not limited to:

    a. Failing to use reasonable care to keep and maintain the premises in a reasonably safe condition;

    b. Failing to keep the premises free from defects and conditions that could reasonably and foreseeably cause injury to Plaintiff and others;

    c. Failing to warn Plaintiff and others of the existing hazardous and dangerous conditions;

    d. Failing to take reasonably necessary steps to correct, remedy, and prevent a hazardous condition on its premises which Defendants knew or should have known existed; and

    e. Failing to exercise reasonable care to protect Plaintiff and to remedy or prevent reasonable discoverable conditions which were hazardous and dangerous to her while on said premises.

19) As a direct and proximate result of the above acts of negligence, and/or gross negligence, and breaches of legal duties owed to her by Defendants, Plaintiff has suffered damages, including, but not limited to:

    a. Hospital bills, doctor bills, prescription drug bills, and other medical and medical-related expenses which have been incurred and which may continue to be incurred in the future;

    b. Past, present, and future physical pain and suffering;

    c. Past, present, and future emotional and mental suffering and anguish;

    d. Temporary and permanent physical impairment or disability;

    e. Loss of enjoyment of life; and

    f. Punitive damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests a trial by jury and prays a judgment of, from, and against Defendants for a sum in an amount within the jurisdictional limits of this Court, all costs and expenses associated with the prosecution of this matter, prejudgment and post-judgment interest as permitted by law, attorney's fees, and for any further relief that this Court may deem just and proper.

Respectfully submitted, this the 26th day of January 2022.

QUEEN E. ADAMS, PLAINTIFF

By: /s/ Brent Hazzard

Brent Hazzard, MSB #99721
Emily Bradley, MSB #104523
Schwartz & Associates, P.A.
162 E. Amite Street
Jackson, Mississippi 39201
T: (601) 988-8888
F: (601) 353-0217
bhazzard@1call.org
ebradley@1call.org